UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY JAMES DOUSE,

        Plaintiff,

vs.                            Case No.  2:04-cv-240-FtM-29DNF

C. EDWARDS,

        Defendant.
_____/

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant Edward's Amended Motion to Dismiss (Doc. #25), filed July 3, 2006. On July 19, 2006, Plaintiff filed "Plaintiff's Motion to Strike Defendant Edward's First and Amended Motion to Dismiss" (Doc. #31), which the Court construed to be Plaintiff's Response.  This matter is now ripe for review.

I.

On April 23, 2004, Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint form (Doc. #1) pursuant to 42 U.S.C. § 1983 while incarcerated at Charlotte Correctional Institute ("CCI").[1]  The incident subject to the Complaint *sub judice* occurred at CCI.  The Complaint alleges that on April 13, 2002, at approximately 10:10 p.m., Plaintiff returned to his cell from a medical visit with Officer Blakely and found his "personal property had been unjustifiably placed outside of his cell." (Id. at 7.)

_____

[1]Plaintiff is now detained at the Florida Civil Commitment Center.

Plaintiff admits that he began to "verbally protest" and attempted to file a complaint with the dormitory supervisor regarding the removal of his personal property.  In response to Plaintiff's verbal protests, Officer Blakely called for assistance from other officers "to prevent the plaintiff from informing the dormitory supervisor" about the placement of Plaintiff's property.  (Id. at 8.)  The Complaint then alleges that Defendant Edwards, one of the responding officers, attacked Plaintiff by "applying force." "Plaintiff was forced to the ground face downward as the defendant began kicking and stomping plaintiff over his body including his forehead area."  The Complaint states that Defendant Edwards "dragged Plaintiff back to his cell."  Later Plaintiff was escorted to the jail's medical department by wheelchair.  Plaintiff alleges that he sustained a large and small edema on his forehead and suffered "extreme emotional and mental anguish." (Id. at 9.)

Plaintiff names Defendant Edwards in his individual capacity in the Complaint.  (Id. at 10.)  As relief, Plaintiff seeks compensation "totaling no less than $50,000.00 for his physical, emotional, mental, and other injuries."  Additionally, Plaintiff seeks $10,000.00 in punitive damages.

II.

In Defendant Edwards's Amended Motion to Dismiss (Doc. #25), Defendant raises, inter alia, that the Court should dismiss the Complaint because Plaintiff did not exhaust his available administrative remedies.  (Id. at 7.)  Specifically, the defendant

argues that the grievances attached to the Complaint do not address the subject matter of Plaintiff's claim.  Rather, the grievances contest a disciplinary report and make no mention of Defendant Edwards' alleged excessive use of force.

The Court must first determine whether Plaintiff's Complaint is barred by the Prison Litigation Reform Act ("PLRA") before addressing the merits of Plaintiff's suit.  <u>Boxer v. Harris</u>, 437 F.3d 1107 (11th Cir. 2006).  On April 26, 1996, the President signed into law the PRLA which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies.  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," <u>Woodford v. NGO</u>, 126 S. Ct. 2378, 2382 (2006)(citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,'" <u>id.</u>; and (3) to "'reduce the quantity and improve the

quality of prisoner suits[,]'" id. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Id. at 2382; Booth, 532 U.S. at 739. See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion is a precondition to suit. Woodford, 126 S. Ct. at 2382.

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Id. at 2387 (emphasis added). In Johnson v. Meadows, the Eleventh Circuit, noted the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. 418 F.3d 1152, 1156 (11th Cir. 2005). Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought – i.e. monetary damages – is available through the administrative

procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

III.

In his reply, Plaintiff does not address the defendant's failure to exhaust claim.  Upon review of the two grievances attached to the Complaint, the Court agrees with the Defendant that Plaintiff did not fully and properly exhaust his available administrative remedies because the grievances do not address the alleged excessive use of force by Defendant Edwards.

The first grievance filed May 1, 2002, approximately two weeks after the alleged incident occurred, is addressed to the warden and pertains entirely to a disciplinary report issued against Plaintiff.  The response indicates that Plaintiff's request for an administrative remedy is denied based on the jail's investigation of the disciplinary report. (Doc. #1 at 21.)  The second grievance dated May 15, 2002, addressed to the Secretary of the Department of Corrections as an appeal, also pertains to the issuance of a disciplinary report; however, the grievance vaguely references Defendant Edwards' alleged excessive use of force when Plaintiff

states, "the seriousness of the violation, more should have been done or initiated because the Defendant (Officer Edwards) now knows that he can get by with it." (Id. at 17.)  Additionally, Plaintiff states that he has four eyewitnesses who observed Defendant Edwards's "assault" on Plaintiff.   The Secretary's response indicates that Plaintiff's appeal was denied.  The response further states because "no use of force [claim] was presented at the institutional level . . . [it] will not be addressed by this office." (Doc. #1 at 16.)  Because Plaintiff has not fully and properly exhausted his available administrative remedies with regard to the claim of excessive use of force by Defendant Edwards, the Court will dismiss Plaintiff's Complaint pursuant to 42 U.S.C. § 1997e(a).  The Complaint is dismissed with prejudice because it pertains to an incident that occurred on April 13, 2002, thus a future filing would be barred by the four-year statute of limitations for § 1983 cases.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint (Doc. #1) is **DISMISSED** with prejudice for failure to exhaust his available administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

2.    The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___23rd___ day of October, 2006.


JOHN E. STEELE
United States District Judge


SA:   alj
Copies: All Parties of Record